UNITED STATES BANKRUPTCY COURT, SOUTHERN DISTRICT OF FLORIDA

www.flsb.uscourts.gov

## CHAPTER 13 PLAN (Individual Adjustment of Debts)

☐ _____ Original Plan
■ 7TH _____ Amended Plan (Indicate 1st, 2nd, etc. Amended, if applicable)
☐ _____ Modified Plan (Indicate 1st, 2nd, etc. Modified, if applicable)

DEBTOR: MARIA ROSA KOROLYZEN     JOINT DEBTOR: _____     CASE NO.: 18-15580-RBR

SS#: xxx-xx- 7607     SS#: xxx-xx-_____

### I. NOTICES

**To Debtors:** Plans that do not comply with local rules and judicial rulings may not be confirmable. All plans, amended plans and modified plans shall be served upon all creditors and a certificate of service filed with the Clerk pursuant to Local Rules 2002-1 (C)(5), 3015-1(B)(2), and 3015-2. Debtor(s) must commence plan payments within 30 days of filing the chapter 13 petition or within 30 days of entry of the order converting the case to chapter 13.

**To Creditors:** Your rights may be affected by this plan. You must file a timely proof of claim in order to be paid. Your claim may be reduced, modified or eliminated.

**To All Parties:** The plan contains no nonstandard provisions other than those set out in paragraph VIII. Debtor(s) must check one box on each line listed below in this section to state whether the plan includes any of the following:

| | | |
|---|---|---|
| The valuation of a secured claim, set out in Section III, which may result in a partial payment or no payment at all to the secured creditor | ■ Included | ☐ Not included |
| Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section III | ☐ Included | ■ Not included |
| Nonstandard provisions, set out in Section VIII | ■ Included | ☐ Not included |

### II. PLAN PAYMENTS, LENGTH OF PLAN AND DEBTOR(S)' ATTORNEY'S FEE

**A. MONTHLY PLAN PAYMENT:** This Plan pays for the benefit of the creditors the amounts listed below, including trustee's fees of 10%, beginning 30 days from the filing/conversion date. In the event the trustee does not retain the full 10%, any unused amount will be paid to unsecured nonpriority creditors pro-rata under the plan:

1. $1,517.55 _____ for months  1  to  5 ;
2. $1,618.51 _____ for months  6  to  60 ;
3. $0.00 _____ for months ____ to ____ ;

**B. DEBTOR(S)' ATTORNEY'S FEE:**     ■ NONE     ☐ PRO BONO

### III. TREATMENT OF SECURED CLAIMS

**A. SECURED CLAIMS:** ☐ NONE

[Retain Liens pursuant to 11 U.S.C. §1325 (a)(5)] Mortgage(s)/Lien on Real or Personal Property:

1. Creditor: CIT BANK N.A f/k/a ONE WEST BANK N.A
   Address: P.O BOX 9013
   Addison, Texas 75001

   Arrearage/ Payoff on Petition Date _____
   MMM Adequate Protection     $1,201.25   /month (Months  1  to 60 )

   Last 4 Digits of Account No.:     4071
   Other: _____

LF-31 (rev. 10/3/17)     Page 1 of 5

Debtor(s): MARIA ROSA KOROLYZEN    Case number: 18-15580-RBR

- [x] **Real Property**
  - [x] Principal Residence
  - [ ] Other Real Property

Check one below for Real Property:
- [x] Escrow is included in the regular payments
- [ ] The debtor(s) will pay  [ ] taxes  [ ] insurance directly

Address of Collateral:
19548 S. WHITEWATER AVE.
WESTON, FL. 33332

- [ ] Personal Property/Vehicle

Description of Collateral:

**B. VALUATION OF COLLATERAL:** [ ] NONE

IF YOU ARE A SECURED CREDITOR LISTED BELOW, THE PLAN SEEKS TO VALUE THE COLLATERAL SECURING YOUR CLAIM IN THE AMOUNT INDICATED. A SEPARATE MOTION WILL ALSO BE SERVED UPON YOU PURSUANT TO BR 7004 AND LR 3015-3.

1. **REAL PROPERTY:** [x] NONE
2. **VEHICLES(S):** [ ] NONE

| | | **Payment** |
|---|---|---|
| 1. Creditor: Americredit Financial | Value of Collateral: $7,251.31 | Total paid in plan: $8,640.00 |
| Address: P.O BOX 183853 Arlington, TX. 76096 | Amount of Creditor's Lien: $9,879.69 | |
| Last 4 Digits of Account No.: 7576 | Interest Rate: 7.25 % | $144.00 /month (Months 1 to 60) |
| VIN: JN1AZ44E69M411385 | | |
| Description of Collateral: Nissan 370 Z | | |
| Check one below: [x] Claim incurred 910 days or more pre-petition  [ ] Claim incurred less than 910 days pre-petition | | |

3. **PERSONAL PROPERTY:** [x] NONE

C. **LIEN AVOIDANCE** [x] NONE

D. **SURRENDER OF COLLATERAL:** Secured claims filed by any creditor granted stay relief in this section shall not receive a distribution fom the Chapter 13 Trustee.
[x] NONE

E. **DIRECT PAYMENTS:** Secured claims filed by any creditor granted stay relief in this section shall not receive a distribution fom the Chapter 13 Trustee.
[x] NONE

IV. **TREATMENT OF FEES AND PRIORITY CLAIMS** [as defined in 11 U.S.C. §507 and 11 U.S.C. § 1322(a)(4)]

A. **ADMINISTRATIVE FEES OTHER THAN DEBTORS(S)' ATTORNEY'S FEE:** [x] NONE

B. **INTERNAL REVENUE SERVICE:** [ ] NONE

| Total Due: | $1,611.83 | Total Payment | $1,232.87 |
|---|---|---|---|
| Payable: | $20.55 | /month (Months 1 to 60) | |

C. **DOMESTIC SUPPORT OBLIGATION(S):** [x] NONE

D. **OTHER:** [x] NONE

Debtor(s): MARIA ROSA KOROLYZEN        Case number: 18-15580-RBR

## V. TREATMENT OF UNSECURED NONPRIORITY CREDITORS

A. Pay ____$90.86____ /month (Months _6_ to _60_ )

Pro rata dividend will be calculated by the Trustee upon review of filed claims after bar date.

B. ☐ If checked, the Debtor(s) will amend/modify to pay 100% to all allowed unsecured nonpriority claims.

C. **SEPARATELY CLASSIFIED**:    ☒ NONE

*Debtor(s) certify the separate classification(s) of the claim(s) listed above will not prejudice other unsecured nonpriority creditors pursuant to 11 U.S.C. § 1322.

## VI. EXECUTORY CONTRACTS AND UNEXPIRED LEASES: 
Secured claims filed by any creditor/lessor granted stay relief in this section shall not receive a distribution from the Chapter 13 Trustee.

☒ NONE

## VII. INCOME TAX RETURNS AND REFUNDS: ☐ NONE

☒ The debtor(s) is hereby advised that the chapter 13 trustee has requested that the debtor(s) comply with 521(f) 1-4 on an annual basis during the pendency of this case. The debtor(s) hereby acknowledges that the deadline for providing the Trustee with their filed tax returns is on or before May 15 of each year the case is pending and that the debtor(s) shall provide the trustee (but not file with the Court) with verification of their disposable income if their gross household income increases by more than 3% over the previous year's income. [Miami cases]

## VIII. NON-STANDARD PLAN PROVISIONS ☐ NONE

☐ Nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Local Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are void.

☒ Mortgage Modification Mediation

Debtor(s): MARIA ROSA KOROLYZEN          Case number: 18-15580-RBR

1   The debtor has filed a Verified Motion for Referral to MMM with:

CIT BANK N.A f/k/a ONE WEST BANK N.A                                                 ("Lender")

loan number 1004184071

for real property located at 19548 S. WHITEWATER AVE. WESTON , FL. 33332

The parties shall timely comply with all requirements of the Order of Referral to MMM and all Administrative Orders/Local Rules regarding MMM. While the MMM is pending and until the trial/interim payment plan or the permanent mortgage modification/permanent payment is established by the parties, absent Court order to the contrary, the debtor has included a post-petition monthly plan payment (a) with respect to the debtor's homestead, of no less than the lower of the prepetition monthly contractual mortgage payment or 31% of the debtor's gross monthly income (after deducting any amount paid toward HOA fees due for the property) and (b) with respect to income producing property, of no less than 75% of the gross income generated by such property, as a good faith adequate protection payment to the lender. All payments shall be considered timely upon receipt by the trustee and not upon receipt by the lender.

Until the MMM is completed and the Final Report of Mortgage Modification Mediator is filed, any objection to the lender's proof of claim on the real property described above shall be held in abeyance as to the regular payment and mortgage arrearage stated in the proof of claim only. The debtor shall assert any and all other objections to the proof of claim prior to confirmation of the plan or modified plan.

If the debtor, co-obligor/co-borrower or other third party (if applicable) and the lender agree to a settlement as a result of the pending MMM, the debtor will file the MMM Local Form "Ex Parte Motion to Approve Mortgage Modification Agreement with Lender" (or Self-Represented Debtor's Motion to Approve Mortgage Modification Agreement with Lender) no later than 14 calendar days following settlement. Once the settlement is approved by the Court, the debtor shall immediately amend or modify the plan to reflect the settlement and the lender shall amend its Proof of Claim to reflect the settlement, as applicable.

If a settlement is reached after the plan is confirmed, the debtor will file a motion to modify the plan no later than 30 calendar days following approval of the settlement by the Court and the Lender shall have leave to amend its Proof of Claim to reflect the settlement reached after confirmation of the plan. The parties will then timely comply with any and all requirements necessary to complete the settlement.

In the event the debtor receives any financial benefit from the lender as part of any agreement, the debtor shall immediately disclose the financial benefit to the Court and the trustee and amend or modify the plan accordingly.

If the lender and the debtor fail to reach a settlement, then no later than 14 calendar days after the mediator's Final Report is filed, the debtor will amend or modify the plan to (a) conform to the lender's Proof of Claim (if the lender has filed a Proof of Claim), without limiting the Debtor's right to object to the claim or proceed with a motion to value; or (b) provide that the real property will be "treated outside the plan." If the property is "treated outside the plan," the lender will be entitled to in rem stay relief to pursue available state court remedies against the property. Notwithstanding the foregoing, lender may file a motion to confirm that the automatic stay is not in effect as to the real property.

Confirmation of the plan will be without prejudice to the assertion of any rights the lender has to address payment of its Proof of Claim.

Debtor(s): MARIA ROSA KOROLYZEN      Case number: 18-15580-RBR

**PROPERTY OF THE ESTATE WILL VEST IN THE DEBTOR(S) UPON PLAN CONFIRMATION.**

I declare that the foregoing chapter 13 plan is true and correct under penalty of perjury.

_/s/ Maria Rosa Korolyzen_, Debtor    12/12/2018
MARIA ROSA KOROLYZEN                  Date

_____      Joint Debtor
                                     Date

_____      _____
Attorney with permission to sign on   Date
Debtor(s)' behalf

By filing this document, the Attorney for Debtor(s) or Debtor(s), if not represented by counsel, certifies that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in Local Form Chapter 13 Plan and the plan contains no nonstandard provisions other than those set out in paragraph VIII.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
www.flsb.uscourts.gov

In re: MARIA ROSA KOROLYZEN            Case No. 18-15580-RBR
                                        Chapter  13

_____ Debtor     /

### DEBTOR'S NOTICE OF COMPLIANCE WITH REQUIREMENTS FOR AMENDING CREDITOR INFORMATION

This notice is being filed in accordance with Local Rules 1007-2(B), 1009-1(D), or 1019-1(B) upon the filing of an amendment to the debtor's lists, schedules or statements, pursuant to Bankruptcy Rules 1007, 1009, 1019 or 5010-1(B). I certify that:

[ ]  The paper filed **adds** creditor(s) as reflected on the attached list (include name and address of each creditor being added). I have:
   1. remitted the required fee (unless the paper is a Bankruptcy Rule 1019(5) report);
   2. provided the court with a supplemental matrix **of only the added creditors** on a CD or memory stick in electronic text format (ASCII or MS-DOS text), or electronically uploaded the added creditors in CM/ECF;
   3. provided notice to affected parties, including service of a copy of this notice and a copy of the §341 or post conversion meeting notice [see Local Rule 1009-1(D)(2)] and filed a certificate of service in compliance with the court [see Local Rule 2002-1(F)];
   4. filed an amended schedule(s) and summary of schedules; and
   5. filed a motion to reopen accompanied by the required filing fee (if adding creditors pursuant to Local Rule 5010-1(B)).

[ ]  The paper filed **deletes** a creditor(s) as reflected on the attached list (include name and address of each creditor being deleted). **I have:**
   1. remitted the required fee;
   2. provided notice to affected parties and filed a certificate of service in compliance with the court [see Local Rule 2002-1(F)]; and
   3. filed an amended schedule(s) and summary of schedules.

[ ]  The paper filed **corrects** the name and/or address of a creditor(s) as reflected on the attached list. **I have:**
   1. provided notice to affected parties, including service of a copy of this notice and a copy of the §341 or post conversion meeting notice [see Local Rule 1009-1(D)(2)] and filed a certificate of service in compliance with the court [see Local Rule 2002-1(F)]; and
   2. filed an amended schedule(s) or other paper.

[ ]  The paper filed **corrects** schedule D or E/F amount(s) or classification(s). **I have:**
   1. remitted the required fee;
   2. provided notice to affected parties and filed a certificate of service in compliance with the court [see Local Rule 2002-1(F)]; and
   3. filed an amended schedule(s) and summary of schedules.

[✓]  None of the above apply. The paper filed does not require an additional fee, a supplemental matrix, or notice to affected parties. It ☐ does ☑ does not require the filing of an amended schedule and summary of schedules.

I also certify that, if filing amended schedules, Bankruptcy Form 106 "Declaration About an Individual Debtor's Schedules" (signed by both debtors) or Bankruptcy Form 202, "Declaration Under Penalty of Perjury for Non-Individual Debtors" has been filed as required by Local Rules 1007-2(B), 1009-1(A)(2) and (D)(1), or 1019-1(B).

Dated: 12/12/2018

_____          _____
Attorney for Debtor (or Debtor, if pro se)    Joint Debtor (if applicable)
Maria R. Korolyzen
Print Name                                  Address

_____          _____
Florida Bar Number                          Phone Number

LF-4 (rev. 12/01/15)

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## FT. LAUDERDALE DIVISION
www.flsb.uscourts.gov

CASE NO: 18-15580-RBR

In re:
MARIA ROSA KOROLYZEN
Debtor

_____/

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 12, 2018 a true and correct copy of the Seventh Amended Chapter 13 Plan was sent by US. Mail to: Robin R. Weiner, Chapter 13 Trustee at P.O Box 559007, Ft. Lauderdale, FL. 33355 and to the persons or entities mentioned in the list of creditors at the last known addresses in this Bankruptcy case.

_____

MARIA ROSA KOROLYZEN
19548 S. Whitewater Ave.
Weston, FL. 33332

*Creditor:* (94547285)
American Express National Bank
c/o Becket and Lee LLP
PO Box 3001
Malvern PA 19355-0701


*Creditor:* (94552896)
Americredit Financial
Services, Inc.
Dba GM Financial
P.O. Box 183853
Arlington, TX 76096

*Creditor:* (94610590)
Ashley Funding Services, LLC
its successors and
assigns as assignee of
Laboratory
Corporation of America
Holdings
Resurgent Capital Services
PO Box 10587
Greenville, SC 29603-0587


*Creditor:* (94610590)
Ashley Funding Services, LLC
its successors and
assigns as assignee of
Laboratory
Corporation of America
Holdings
Resurgent Capital Services
PO Box 10587
Greenville, SC 29603-0587

*Creditor:* (94610590)
Ashley Funding Services, LLC
its successors and
assigns as assignee of
Laboratory
Corporation of America
Holdings
Resurgent Capital Services
PO Box 10587
Greenville, SC 29603-0587

*Creditor:* (94696671)
IRS
POB 7346
Philadelphia, PA   19101

*Creditor:* (94748443)
Cit Bank N.A f/k/a One West
Bank
Loan Care
POB 8068
Virginia Beach, VA 23450-4968